UNITED STATES DISTRICT COURT
WESTERN DISTRICT COURT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| **NOAH WEAVER, PERSONAL REPRESENTATIVE OF THE ESTATES OF GERALD JOSEPH WEAVER AND TARA SUE WEAVER,**<br><br>PLAINTIFF,<br><br>v<br><br>**9941711 CANADA INC.,** DBA **NORTH PLUS LOGISTICS, 2303876 ALBERTA LTD.,** DBA **NORTH PLUS EXPRESS, HAVARINDER SINGH,** AND **RAN KUMAR JOGI,**<br><br>DEFENDANTS. | FILE NO: 2:23-CV-231<br><br>Hon. Jane M. Beckering<br>U.S. District Court Judge |

**Plaintiff's Motion to Approve Wrongful Death
Settlement and for Authority to Distribute The Settlement Proceeds**

Under MCL 600.2922, Noah Weaver, personal representative of the Estates of Gerald Joseph Weaver and Tara Sue Weaver, through his attorneys, Petrucelli & Waara, P.C., requests that the Court approve a proposed wrongful death settlement and for authority to distribute the proceeds upon the settlement's approval. In support of his motion, he states:

1. This is a wrongful death suit that arose out of a motor vehicle accident that happened on 27 January 2023 at about 5:00 p.m. on US-2 in Garden Township, Michigan, and resulted in the tragic deaths of Tara

Weaver and Gerald Weaver. They were married to each other and were both 47 years old when they were killed.

2. Moments before the accident, defendant Ran Kumar Jogi drove a semi-tractor while transporting goods for his employer, 9941711 Canada Inc. d/b/a North Plus Logistics, on westbound US-2.

3. Simultaneously, the Weavers were traveling eastbound on US-2. when Jogi's vehicle crossed the centerline, traveled into the eastbound lane, and crashed into the Weavers' SUV.

4. The crash forces instantly killed Tara and Gerald Weaver.

5. In the complaint, Noah Weaver alleged that the independent negligence of Jogi, North Plus Logistics, and North Plus Express was the proximate cause of the Weavers' death. He also alleged that North Plus Logistics and North Plus Express are liable as the employers of Jogi (vicarious liability and negligent hiring, retention, and supervision) and as the owners of the semi-tractor Jogi was operating at the time of the accident (owner's liability). Noah Weaver further alleged that Singh is vicariously liable for the negligent conduct of Jogi, North Plus Logistics, and North Plus Express (joint venture).

6. Right after the tractor-trailer and the Weaver SUV came to a rest, two other vehicles crashed into the tractor-trailer, and the drivers of those vehicles suffered nonfatal injuries.

7. In his lawsuit, Noah Weaver, as the personal representative of the Estates of Gerald Joseph Weaver and Tara Sue Weaver, sought to recover damages allowed by Michigan's wrongful death and the Michigan no-fault statutes.

8. Noah Weaver, as the personal representative of the Estates of Gerald Joseph Weaver and Tara Sue Weaver, the defendants, and their insurer, Fenchurch General Insurance Corporation, agreed to settle the lawsuit upon the following terms:

a) Defendants and Fenchurch General Insurance Corporation will pay the plaintiff $1,850,000.00 (Canadian Dollars).

b) Of the remaining $100,000 Canadian dollars available under the policy limits of the applicable insurance policy Fenchurch General Insurance Corporation issued to North Plus Logistics, the insurer will keep that amount in case other claims arise related to the 27 January 2023 accident.

c) The parties agree that all or none of that remaining $100,000 Canadian shall be distributed to the plaintiff as follows:

d) If the statute of limitations for negligence actions, which is January 27, 2026, expires and no other claims have been made or are pending regarding the January 27, 2023 motor vehicle accident at that time, Fenchurch General Insurance Corporation will pay Noah, Lucas, and Sophia Weaver in equal amounts the remaining $100,000 Canadian within 60 days after the statute of limitations expires.

e) If the statute of limitations for negligence actions, which is January 27, 2026, expires and there are claims that have been made or are pending by other individuals or companies regarding the

January 27, 2023 motor vehicle accident, then one of three scenarios will occur:

 i. If Fenchurch General Insurance Corporation pays all the remaining $100,000 Canadian policy limits to resolve those claims, defendants and Fenchurch General Insurance Corporation have no other duty to the plaintiff and owe the plaintiff nothing.

 ii. If Fenchurch General Insurance Corporation pays nothing on those claims and they are resolved or dismissed, Fenchurch General Insurance Corporation will pay Noah, Lucas, and Sophia Weaver in equal amounts the remaining $100,000 Canadian policy limits.

 iii. If Fenchurch General Insurance Corporation pays some amount of money less than the remaining $100,000 Canadian policy limits to resolve those claims, Fenchurch General Insurance Company will pay any remaining money from the $100,000 Canadian policy limit in equal amounts to Noah, Lucas, and Sophia Weaver.

f) The plaintiff will release all defendants and their insurer from liability arising from the injuries, losses, and deaths of Tara and Gerald Weaver.

    g)    The parties will stipulate to the entry of an order dismissing all claims raised or those that could have been raised against the defendants with prejudice and without costs.

    h)    This Court must approve the settlement.

9. The Michigan Wrongful Death Act, MCL § 600.2922, requires that this Court hold a hearing and approve or reject the proposed settlement. MCL § 600.2922(5).

10. This Court has jurisdiction to conduct the hearing and to approve or reject the proposed settlement and distribution. See *Robinson v. Fiedler*, 91 F.3d 144, at *3 (6th Cir. 1996) (Table Case) (holding that district court had jurisdiction to approve or reject a wrongful death settlement agreement and to distribute proceeds under MCL § 600.2922(5)-(9) and reviewing the district court's approval under the clearly erroneous standard).

11. As the personal representative of the Estates of Gerald Joseph Weaver and Tara Sue Weaver, Noah Weaver requests that under MCL 600.2922, the Court approve the settlement and allow for the proposed distribution of the settlement proceeds.

12. In support of his contention that the proposed settlement is fair and reasonable, Noah Weaver, as the personal representative of the Estates of Gerald Joseph Weaver and Tara Sue Weaver, states:

    a)    The proposed settlement includes 95% of the available liability insurance coverage.

    b)    The balance of the available liability insurance proceeds may be devoted to resolving other claims that might arise from the same crash.

c)  Harvarinder Singh's affidavit[1] clarifies that the only liability insurance coving the loss is the Fenchurch General Insurance Corporation liability policy;

d)  Tara and Gerald Weaver's families are satisfied with the proposed settlement and believe that with the case's resolution, their grief will lessen.

e)  The settlement amount is reasonable, given the surrounding circumstances.

13. The interested persons who can claim damages under the Michigan Wrongful Death Act, MCL § 600.2922, arising from Tara Weaver's death, include:

| Name | Relationship | Age | Address |
| --- | --- | --- | --- |
| Noah Weaver | Son | Adult | 5563 Portage Point 11.4 Lane, Escanaba, MI |
| Lukas Weaver | Son | Adult | 5563 Portage Point 11.4 Lane, Escanaba, MI |
| Sophia Weaver | Daughter | Minor | 5563 Portage Point 11.4 Lane, Escanaba, MI |
| Stephen Javurek, Sr. | Father | Adult | 4976 Karen 17.25 Street, Escanaba, MI |
| Susan Javurek | Mother | Adult | 4976 Karen 17.25 Street, Escanaba, MI |
| Stacy Wilson | Sister | Adult | 1076 Highway M-35 Bark River, MI |
| Stephen Javurek, Jr. | Brother | Adult | 3214 Deer Haven 12.3 Lane, Bark River, MI |

---

[1] Harvarinder Singh's affidavit is attached as Exhibit 1.

14. The interested persons who can claim damages under the Michigan Wrongful Death Act, MCL § 600.2922, arising from Gerald Weaver's death, include:

| Name | Relationship | Age | Address |
|---|---|---|---|
| Noah Weaver | Son | Adult | 5563 Portage Point 11.4 Lane, Escanaba, MI |
| Lukas Weaver | Son | Adult | 5563 Portage Point 11.4 Lane, Escanaba, MI |
| Sophia Weaver | Daughter | Minor | 5563 Portage Point 11.4 Lane, Escanaba, MI |
| Daniel Weaver, Sr. | Father | Adult | 6075 Libby Road Grayling, MI |
| Debra Weaver | Mother | Adult | 6075 Libby Road Grayling, MI |
| Daniel Weaver, Jr. | Brother | Adult | 3497 River Park Drive, Grayling, MI |
| Marc Weaver | Brother | Adult | 6162 Alex Road Grayling, MI |

15. Tara and Gerald Weaver's interested parties under MCL § 600.2922, except for Sophie Weaver, are competent adults.

16. Sophie Weaver is a minor.

17. Noah Weaver is Sophie Weaver's conservator.

18. The Delta County, Michigan Probate Court appointed Noah Weaver as Sophie Weaver's conservator.

19. Under MCL § 600.2922, notice has been given to all persons listed in paragraphs 13 and 14, at their last known addresses.

20. The decedents' reasonable medical, hospital, funeral, and burial expenses have been paid.

21. The decedents's creditors whose claims have been filed have been paid.

22. To prosecute the case, Noah Weaver, as the personal representative of the Estates of Gerald Joseph Weaver and Tara Sue Weaver, entered into a written contingency fee agreement with Petrucelli & Waara, P.C.

23. The contingency fee agreement calls for Petrucelli & Waara, P.C., to be reimbursed from the settlement proceeds for all reasonable and necessary expenses incurred to prosecute the action and be paid ten percent (10%) of the gross proceeds as an attorney fee.

24. Attached as Exhibit 2 is Petrucelli & Waara, P.C.'s contingency fee statement.

25. The attorney fee totals $135,882.50 and the unreimbursed expenses equal $22,622.04.[2]

26. As the personal representative of the Estates of Gerald Joseph Weaver and Tara Sue Weaver, Noah Weaver asks the Court to approve payment of Petrucelli & Waara, P.C.'s bill from the settlement proceeds.

27. Although Tara Weaver and Gerald Weaver may have suffered a period of conscious pain and suffering before death, the plaintiff requests that no money be assigned to this element of damage. It is reasonable to assign no money for conscious pain and suffering because there are no creditors of the estates and all persons entitled to a distribution from the estates are being notified of this motion and proposed distribution.

---

[2] The contingency fee and proposed distribution of net recovery is based on a conversion of the proposed $1,850,000.00 (Can) dollars in to U.S. dollars. The current conversion rate is 1 Canadian Dollar = 0.7345 US Dollar. See https://www.exchange-rates.org.

28. Noah Weaver, as the personal representative of the Estates of Gerald Joseph Weaver and Tara Sue Weaver, asks that the Court approve the distribution of the net settlement proceeds as follows:

    a)     $400,106.82 to Sophia Weaver.

    b)     $400,106.82 to Lukas Weaver.

    c)     $400,106.82 to Noah Weaver.

WHEREFORE, Noah Weaver, as the personal representative of the Estates of Gerald Joseph Weaver and Tara Sue Weaver, requests that the Court:

1. Authorize him as the personal representative of the estates to settle all claims against all defendants, under the terms set out in this motion, as this settlement is fair, equitable, in good faith, and in the best interest of the estates.

2. Authorize him as the personal representative of the estates to execute and deliver releases of all claims against all defendants.

3. Approve the contingency fee agreement described in this motion, and grant authority to him as the personal representative of the estates to reimburse the costs advanced pursuing this litigation by Petrucelli & Waara, P.C. and pay the fee as set forth in Exhibit 2.

4. Allocate no money for conscious pain and suffering.

5. Approve the distribution of the net settlement proceeds as outlined in this motion.

6. Dismiss the claims raised against all defendants with prejudice and without costs.

Dated: May 20, 2024     **Petrucelli & Waara, P.C.**
                        Attorneys for Plaintiff


                        By: /s/Vincent R. Petrucelli
                           Vincent R. Petrucelli (P30055)
                           328 W. Genesee St., P.O. Box AA
                           Iron River, Michigan 49935
                           Telephone: (906) 265-6173